UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SRA INSURANCE AGENCY, LLC,

      Plaintiff,

v.                                        Case No. 21-2181-DDC

VIRTUS LLC, et al.,

      Defendants.

## ORDER

Plaintiff SRA Insurance Agency, LLC ("SRA") brings claims against six of its former employees and the company that now employs them, Virtus LLC ("Virtus"). SRA alleges the employees—who made up SRA's entire construction-practice group—breached non-disclosure and non-solicitation agreements when they resigned en masse to start Virtus's construction-practice group, and took SRA's proprietary and trade-secret information. On April 26, 2021, about a week after the case was filed, the parties agreed to a preliminary injunction that prohibited defendants from contacting and servicing certain SRA customers.[1] The very next day, SRA filed an emergency motion to hold three individual defendants and Virtus in contempt of the injunction.[2] On May 7, 2021, the presiding U.S. District Judge, Daniel D. Crabtree, found Virtus and defendant Matthew Holt violated the preliminary injunction and ordered expedited discovery into the scope of

---

[1] ECF No. 15.
[2] ECF No. 19.

the violation.³ On May 12, 2021, after conferring with counsel, the undersigned U.S. Magistrate Judge, James P. O'Hara, filed a scheduling order governing both expedited and merits-based discovery – among other deadlines, the parties' expert disclosures are due August 2, 2021 and all discovery must be completed by October 1, 2021.⁴ Now before the court is SRA's motion to compel defendants to comply with expedited discovery requests (ECF No. 62). For the following reasons, SRA's motion is granted.

SRA served its initial document requests on May 17, 2021. At the undersigned's suggestion, SRA then gave defendants a "Prioritized List of Documents/Information" to expedite production of what SRA viewed as "key documents."⁵ At issue in this motion are categories from the prioritized list, as well as several other interrogatories and requests for production.

Defendants' response to SRA's motion to compel focuses largely on the speed of production, rather than their obligation to produce the documents. They take great pains to colorfully paint the parties' dispute. For example, they assert they've already "moved mountains,"⁶ while plaintiff has "lost touch with reality"⁷ in its expectations. Essentially,

---

³ ECF No. 28.

⁴ ECF No. 32.

⁵ ECF No. 63-2.

⁶ ECF No. 72 at 3.

⁷ *Id.* at 2.

2

they say they've been processing and reviewing the documents as quickly as they possibly can.[8] Any delays have been "due largely to plaintiff's own making."[9]

The undersigned previously cautioned defendants that slow-walking discovery wouldn't be permitted and that they may need to up their resources to comply with their expedited discovery obligations. Defendants haven't produced a significant number of relevant documents. Nor have they firmly committed to a timeline for production. The undersigned agrees with plaintiff that a firm deadline is necessary to move defendants to more urgently comply with their discovery obligations.

**SRA Priority List**

The parties agreed on a number of search terms for defendants' forensics expert to apply to defendants' electronically stored information ("ESI") as requested in categories 2-4 on the priority list. Although the expert has begun searching the ESI, defendants thus far have only produced documents responsive to category 3.[10] As it relates to the ESI production, defendants contend an agreement on search terms doesn't mean the ESI is actually ready to search. They outline the steps they'll need to take and the possible permutations of results.[11]

The undersigned is quite mindful of the challenges and burdens inherent to ESI discovery in a commercial case like this one. But Judge Crabtree's order specifically

---

[8] *See* ECF No. 72-2.
[9] ECF No. 72 at 2.
[10] *Id.*
[11] *Id.* at 3.

allowed for immediate discovery "to discern the nature and scope of any breaches that may have occurred of the preliminary injunction,"[12] using the means and inquiries authorized by the undersigned.[13] Defendants seem oblivious of the fact that that tight timeline, as implemented by the undersigned's scheduling order,[14] was imposed as a direct result of their blatant violations of the preliminary injunction to which they stipulated. Accordingly, the undersigned is wholly unpersuaded by defendants' protestations about how quickly they're now being forced to move. If it takes more lawyers or more ESI technologists to get the job done, or if it takes those lawyers and technologists working nights and weekends, then so be it. And if for whatever reason defendants continue to fail to devote the necessary resources to get the job done, then defendants run the considerable risk of having <u>very</u> severe sanctions imposed against them.

### **SRA Priority List, Categories 2 and 4**

Category 2 requests:

Text Messages (among key custodians)

    a. Among Individual Ds
    b. Individual Ds with Gray
    c. Holt + Morgan (re: Virtus/SRA/move/IDs)
    d. Eichmann with any Individual D or Gray
    e. Individual Ds + Gray and Eichmann with Restricted Entities[15]

Category 4 requests:

---

[12] ECF No. 28 at 16.
[13] *See id.* at 15-16.
[14] ECF No. 32.
[15] ECF No. 63-2 at 3.

Emails (among key custodians)

    a. Gray's personal and Virtus accounts 1/1/21 to present
        i. With Individual Ds personal accounts
    b. Individual Ds personal accounts 1/1/21 to present
        i. With other Individual Ds Virtus and personal accounts
        ii. With Gray's Virtus and personal accounts
    c. Individual Ds Virtus accounts
        i. With Individual Ds or Gray's personal accounts
    d. Matt Holt's personal or Virtus account with Morgan Holt's personal and Virtus account from 1/1 to present (redacting purely personal)[16]

Defendants represent responsive text messages and e-mails for both categories are currently being loaded into their vendor, ELIJAH, and the document review team has started reviewing the messages.[17] Plaintiff doesn't further contest this representation in its reply but seeks an order setting forth deadlines for defendants to produce the documents.

The undersigned will do so. Defendants don't dispute the relevance of any of the above categories of documents. Rather, they argue plaintiff's motion should be denied because they've been working diligently to produce the information. But the undersigned reiterates his commitment to keeping this case on track and adhering to his expedited scheduling order, in addition to Judge Crabtree's order. Rolling productions usually make the most sense. Unfortunately, though, given the procedural history of this particular case, a date certain for production is the only way to end the slow, noncommittal production that appears to be the current defense strategy. The motion is granted, and defendants are directed to produce any relevant documents by **July 12, 2021**.

---

[16] *Id.* at 4.

[17] ECF No. 72 at 4.

5

## SRA Priority List, Category 3

Category 3 requests:

LinkedIn Messages (among key custodians)

    a. January 1, 2021, to the present

        i. Individual Ds with anyone at SRA/AssuredPartners
        ii. Individual Ds and Gray with Restricted Entities
        iii. Gray with anyone at SRA/AssuredPartners
        iv. Eichmann with anyone at SRA/AssuredPartners

    b. January 1, 2021, to April 16, 2021

        i. Individual Ds with anyone at Virtus
        ii. Gray with Individual Ds
        iii. Eichmann with Individual Ds[18]

It appears this category has been resolved, as defendants represent they've produced these documents. Plaintiff doesn't dispute this in its reply. The motion is therefore moot as to this category.

## Other Agreed-Upon Documents

Plaintiff also seeks an order directing defendants to produce other agreed-upon categories of documents, including:

> Cell phone call/text logs from the agreed custodians' cell phone carriers, calendars and contact lists from the Individual Defendants and Andrew Gray, Individual Defendants' Virtus compensation information, Broker of Record letters between Virtus and any Restricted Client, and a forensic consultant's declaration regarding actions taken with respect to Individual Defendants' accounts and devices around April 16, 2021.[19]

---

[18] ECF No. 63-2 at 3-4.

[19] ECF No. 63-4 at 15.

In their response, defendants represent every document on that list has been produced.[20] Plaintiff doesn't dispute this representation in its reply. The motion is moot as to this category.

**Interrogatory No. 9**

Interrogatory No. 9 reads:

Identify all entities to or through which Virtus has offered or provided construction insurance products or services at any point since January 1, 2019, including but not limited to both clients and insurance carriers. For each identified entity, also (a) describe the services or products offered or provided by Virtus to or through the identified entity, (b) state whether Virtus has actually performed or provided the construction insurance services or products to or through the identified entity, (c) identify all Virtus employees involved with offering or providing the construction insurance services or products to or through the identified entity, (d) identify all employees or agents of any such entity with whom Virtus has communicated regarding the offered or provided services or products, (e) state the dates on which any such products or services have been offered or provided by Virtus (including the dates of any appointments and/or broker of record letters), and (f) identify all Documents and Communications that relate to, describe, reflect, or refer to the products or services offered or provided.

Plaintiff argues this information is relevant to defendants' intent to violate employment agreements.[21] Defendants argue this interrogatory is overly broad. The court disagrees. At the discovery stage, relevance is broadly construed.[22] "[A]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is

---

[20] ECF No. 72 at 4.

[21] ECF No. 63 at 3.

[22] *See Erickson, Kernell, Deruseau, & Kleypas v. Sprint Sols., Inc.*, No. 16-mc-212-JWL, 2016 WL 3685224, at *4 (D. Kan. July 12, 2016).

7

or may be in the case" will be deemed relevant.[23]  Given Judge Crabtree's findings and the purpose of the expedited discovery, the undersigned finds the interrogatory is relevant to the issues raised by the violations of the preliminary injunction.  The undersigned overrules defendants' objection and grants the motion to compel as to Interrogatory No. 9.

**Document Request No. 5**

Request No. 5 seeks:

All Documents and Communications relating to Virtus's plans for and/or development of a construction insurance group or team specializing in construction industry insurance.  For the avoidance of doubt, in addition to responsive Documents, this Request includes but is not limited to Communications between and/or among Virtus personnel, Agman personnel, and any other third parties.[24]

Defendants originally objected to the request as unlimited in time and scope.  But plaintiff represents the request is limited from January 1, 2021, through the present.[25]  The undersigned finds the request relevant and adequately tailored, in light of the preliminary injunction and ensuing violations.  The court grants the motion to compel as to Request No. 5.

---

[23] *Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227-JWL-TJJ, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) and ruling the *Oppenheimer* standard still relevant after the 2015 Amendment to Rule 26(b)(1)).  *See also Waters v. Union Pacific R.R. Co.*, No. 15-1287-EFM-KGG, 2016 WL 3405173, at *1 (D. Kan. June 21, 2016) ("Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action.") (internal quotations and citation omitted).

[24] ECF No. 63-1 at 1.

[25] ECF No. 73 at 2 n.2.

**Document Request Nos. 34-39**

These requests seek:

All Documents that reflect revenues or profits obtained by Virtus as a result of Holt's work on behalf of Virtus.[26]

Plaintiff argues this information is relevant to whether defendants planned to move SRA clients to Virtus in violation of the parties' agreements. Plaintiff further argues the information is relevant to damages. Defendants argue this information is irrelevant.

The undersigned isn't persuaded by plaintiff's first argument but is persuaded by the second. The financial impact of any violations of the non-solicitation provisions is relevant to damages in this case. The undersigned grants the motion to compel as to Request Nos. 34-39.

**Interrogatory Nos. 4-7, 9, 13, and 14**

Plaintiff has moved for complete responses to these interrogatories. The undersigned won't reproduce each of the interrogatories in full here. Basically, though, plaintiff argues each of defendants' answers is missing at least some responsive communications of which plaintiff is aware.[27] Defendants argue their responses aren't deficient. They've agreed to provide responsive written communications found in their ESI searches and produce additional communications that wouldn't otherwise be reflected in written communications. But they represent they can't be expected to "read and review

---

[26] ECF No. 63-1 at 1. Request Nos. 35-39 ask for the same set of documents as to the other individual defendants.

[27] ECF No. 63 at 4 n.2.

all of their communications (even before they have been searched and produced as part of the ESI Protocol) and put together a complete timeline or each and every interaction."[28]

Defendants are directed to respond in full to these interrogatories to the extent they haven't already, including producing the missing communications plaintiff has identified. To the extent defendants have provided all the responsive communications of which they're aware, the undersigned doesn't intend to impose an unreasonable obligation to find things that aren't there. But defendants haven't pointed to any specific reason certain responsive communications they know about cannot be produced. The undersigned grants the motion to compel as to these interrogatories.

**Attorney Fees**

Plaintiff moves for fees and costs associated with its motion to compel. Under Rule 37(a)(5)(A), the award of fees and expenses is mandatory, unless certain exceptions apply. Nothing in the record suggests monetary sanctions are unjust under these circumstances. Plaintiff's counsel is directed to confer with defense counsel in an attempt to agree on an appropriate fee award. If such an agreement can be reached, then the parties shall jointly file a notice confirming for the court that's the case; otherwise, defense counsel has until **July 20, 2021** to show cause why monetary sanctions should not be imposed. By the same deadline, plaintiff shall file a fee affidavit with supporting detailed time sheets. Defendants then have until **July 27, 2021** to file anything challenging those fee claims.

---

[28] ECF No. 72 at 5.

IT IS THEREFORE ORDERED that plaintiff's motion to compel (ECF No. 62) is granted to the extent it's not moot, as outlined above. Defendants are directed to produce the relevant discovery responses and the responsive documents by **July 12, 2021**.

Dated July 6, 2021, at Kansas City, Kansas.

                                              s/ James P. O'Hara  
                                              James P. O'Hara  
                                              U.S. Magistrate Judge